THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

COGNIZANT TECHNOLOGY
SOLUTIONS U.S. CORPORATION,

    Plaintiff,

v.

VARUN G. PAHADE,

    Defendant.

Civil Action No. 14-cv-2819 (WJM)

**CONSENT ORDER FOR PERMANENT INJUNCTION**

**Document Electronically Filed**

WHEREAS, COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION ("Cognizant") and VARUN G. PAHADE ("Pahade") entered into the Non-Disclosure, Non-Competition and Invention Assignment Agreement on or about January 18, 2014 (the "Agreement"), Exhibit A to the Complaint, which is incorporated herein by reference;

WHEREAS, Cognizant commenced this action against Pahade on or about May 5, 2014 (the "Action"), to enforce the terms of the Agreement;

WHEREAS, by Order dated May 6, 2014, the United States District Court for the District of New Jersey, per the Honorable William J. Martini, entered an Order to Show Cause with temporary restraints against Pahade; and

WHEREAS, the parties, in order to resolve this Action, have entered into the following agreement.

It is therefore STIPULATED AND AGREED by the parties and their respective counsel, and after consideration of the Court, it is hereby ORDERED as follows:

1. Pahade shall not, for a period of twelve (12) months after May 5, 2014 (the date Cognizant filed the Complaint in this matter), consult for, contract with, be employed by, any client, customer or prospective client or customer of Cognizant for

which Pahade performed work for, consulted with, provided services to, or performed any job function within the twelve (12) months prior to his separation from employment with Cognizant on April 11, 2014.

2. In accordance with the terms of the Agreement, Pahade shall not directly or indirectly, use or disclose to anyone, or authorize disclosure or use of, any of the Confidential Information, as that term is defined in the parties' Agreement, revealed to, learned by or created by Pahade during the course of his employment with Cognizant and will take all reasonable efforts to protect the confidentiality of Confidential Information.

3. All claims related to the subject-matter of the Action that were brought by Cognizant in the Action, and any and all claims that could have been brought by Pahade in the Action, shall be dismissed with prejudice effective as of the filing of this Consent Order. Cognizant's agreement to dismissal of its claims is subject to the condition of Pahade's full compliance with the terms of this Consent Order.

4. The Court shall retain jurisdiction over this action until May 5, 2015 by the Court for the limited purpose of enforcing this Consent Order and Paragraph 2 of the parties' Agreement as those terms are incorporated into this Consent Order.

5. This Consent Order may be enforced upon appropriate application to the Court, and violation shall be punishable as a contempt, available only upon proof by clear and convincing evidence, and only after the violating party has been provided with five (5) business day written notice and an opportunity to cure.

6. Pahade agrees that if he violates the Consent Order or any terms of the parties' Agreement, irreparable harm to Cognizant will likely result, for which a remedy in the form of damages may not be adequate or otherwise ascertainable. Consequently, Cognizant will be entitled to temporary, preliminary and permanent injunctive relief against Pahade.

7. Any notice required pursuant to this Consent Order shall be sent to Pahade, via First Class U.S. Mail, postage pre-paid, to 18416 N. Cave Creek Road, #2020,

Phoenix, Arizona 85032, and shall be deemed received three days after mailing. Should Pahade provide written notice to Cognizant that his physical address has changed, any notice required pursuant to this Consent Order shall be provided to the new address. In addition to providing notice via First Class U.S. Mail, any notice required pursuant to this Consent Order shall be emailed to Pahade's attorney, Arthur Bourque, and Pahade, respectively, at the following email addresses: art@bourquelaw.com; varun.pahade@gmail.com. Email notification shall be deemed received shall be deemed received three days after emailing.

8. This Consent Order shall expire at 5 p.m. Eastern Daylight Time on May 5, 2015.

9. This Order shall serve as a final judgment and permanent injunction and disposes of all claims alleged in this action (subject to the further terms herein) without costs or fees to any party.

(signatures on next page)

Respectfully submitted,

| MORGAN, LEWIS & BOCKIUS LLP<br><br>By: *[signature]*<br>Richard G. Rosenblatt<br>James P. Walsh, Jr.<br>August W. Heckman III<br>502 Carnegie Center<br>Princeton, NJ 08540<br>609-919-6609/6647/6696<br>*Attorneys for Cognizant* | VARUN G. PAHADE<br><br>By: *[signature]*<br>Varun G. Pahade<br><br>MARICOPA County }<br>State of Arizona }<br><br>On this, the 16th day of May 2014, before me, the undersigned Notary Public, personally appeared Varun G Pahade, who proved to me through satisfactory evidence of identification, to be the person whose name is signed on the preceding or attached document in my presence.<br><br>IN WITNESS WHEREOF, I hereunto set my hand and official seal.<br><br>*[signature]*<br>Notary Public<br><br>SUSAN ALBUE<br>Notary Public - State of Arizona<br>MARICOPA COUNTY<br>My Commission Expires March 13, 2016 |

SO ORDERED:

*[signature]*
Hon. William J. Martini
United States District Judge

5/20/14

4